# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| JILL KERWIN AND BRITTANY BRANDON )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>WESTWARD360 MANAGEMENT, )<br>AND GOLF COURSE CONDOMINIUM )<br>ASSOCIATION )<br>)<br>Defendant. ) | Case no:<br>Judge |

## PLAINTIFF'S VERIFIED COMPLAINT

NOW COME, Plaintiffs, Jill Kerwin and Brittany Brandon, by and through their attorneys O'FLAHERTY LAW, P.C., complain as follows against Defendants, WESTWARD360 MANAGEMENT and GOLF COURSE CONDOMINIUM ASSOCIATIONS, and in support of their verified complaint state as follows:

## JURISDICTION AND VENUE

1. Plaintiffs, Jill Kerwin and Brittany Brandon, bring these claims for unlawful discrimination under The Fair Housing Act, 42 U.S.C. §3601, *et. seq.*, and the Illinois Human Rights Act, 775 ILCS 5/3-101 *et. seq.* (the "IHRA").

2. Federal jurisdiction is conferred in this court pursuant to 28 U.S.C §§ 1331, 1367 and 42 U.S.C § 3613.

3. Venue is proper in the Northern District of Illinois, Western Division pursuant to 28 U.S.C. §1391 because the events on which the claim is based occurred in the Northern District of Illinois, the subject property is located in the Northern District of Illinois, the Plaintiffs reside in the Northern District of Illinois and the Defendants conduct business in the Northern District of Illinois.

## PARTIES

4. Plaintiff, Jill Kerwin, currently owns a condominium property at 935-8 Golf Course Road, Crystal Lake, Illinois 60014 (hereinafter, the "Subject Property") and leases the condominium to Plaintiff, Brittany Brandon. Jill Kerwin has owned the condominium since 2006.

5. Plaintiff, Brittany Brandon is an African American woman who resides with her daughter in a condominium at the Subject Property. She has lived there since February 1, 2022.

6. Defendant Golf Course Condominium Association (hereinafter "Association") is an Illinois Not-for-Profit Corporation.

7. Defendant Westward360 Management LLC (hereinafter "Westward360) is an Illinois Limited Liability Corporation.

8. Defendants are collectively referred to as "Defendants."

## FACTUAL ALLEGATIONS

9. On or about 2006, Jill Kerwin purchased the condominium located at 935-8 Golf Course Road, Crystal Lake, Illinois 60014.

10. On or about February 1, 2022, Brittany Brandon signed a lease with Jill Kerwin renting the Subject Property until January 31, 2023.

11. Brittany Brandon is an African-American woman with a ten year old daughter.

12. Brittany Brandon's daughter has been diagnosed with asthma and uses inhalers and a nebulizer to treat her diagnosis.

13. On or about January 28, 2022, prior to Brittany Brandon signing the lease, Jill Kerwin requested a copy of the Association rules and regulations to provide to Brittany Brandon.

14. Jill Kerwin only received a copy of the rules and regulations that were last revised in February 2018.

15. Jill Kerwin did not receive a copy of the Association's declaration.

16. On or about March 14, 2022, Brittany Brandon received a letter saying that her dog was a prohibited breed and that she had to remove her dog from the premises.

17. The Association's rules and regulations states "No animals, other than dogs, cats, birds, and fish shall be raised or kept anywhere on the property, nor shall any animals be kept, bred or maintained for any commercial purpose. (50 lbs. max) Maximum of two pets."

18. Brittany Brandon owned a Pitbull which complied with the requirements listed in the Association's Rules and Regulations.

19. Brittany Brandon provided the weight and description of the dog to the Association and a photo of the dog to Jill Kerwin's realtor prior to moving to the Subject Property.

20. Brittany Brandon paid a $300 pet deposit to Jill Kerwin.

21. On or about March 21, 2022 Jill Kerwin received an email from Tamara O'Connor, an employee of Westward360 Management, with a page from the declaration which states that a Pitbull is a prohibited breed.

22. On or about April 20, 2022, Tamara O'Connor indicated that she had corrected the rules and regulations to include a Pitbull as a prohibited breed and would be mailing them to the homeowners.

23. On or about February 1, 2022, Brittany Brandon moved into the Subject Property.

24. On or about February 5, 2022, Brittany Brandon received a letter from Defendants regarding improper parking while she was moving into the Subject Property.

25. On or about May 22, 2022, Jill Kerwin witnessed another owner and board member host a car show in the same parking spots Brittany Brandon used to move into the Subject Property.

26. Neither Jill Kerwin or Brittany Brandon are aware of any citations or consequences faced by the host of the car show.

27. On or about April 6, 2022, Tamara O'Connor told Jill Kerwin that for Brittany Brandon's fiancé, Jermaine Marshall, to be allowed to visit the Subject Property, he had to be on the lease and needed a background check.

28. Jermaine Marshall did not reside at the Subject Property prior to March 1, 2022, the date he signed the lease.

29. Since the day she moved in, residents of the Subject Property and members of the Board have complained of the smell of marijuana within the Subject Property.

30. On or about March 8, 2022, Jill Kerwin was notified by Tamara O'Connor that Brittany Brandon was allegedly smoking marijuana in the unit and that multiple people had moved into the unit.

31. On or about March 29, 2022, Jill Kerwin was notified by Tamara O'Connor that neighbors complained of a strong smell of marijuana in the hallways of the Subject Property on March 27, 2022 and March 28, 2022.

32. On or about April 2, 2022, Jill Kerwin and her husband visited the Subject Property unannounced and did not notice any odors or any other indication of marijuana use on the premises.

33. On or about April 6, 2022, Jill Kerwin received an email from Tamara O'Connor who indicated that a neighbor complained on April 1, 2022 and April 2, 2022 of the smell of pot and cleaning products coming from Brittany Brandon's unit.

34. On or about April 10, 2022, Jill Kerwin notified Tamara O'Connor that a neighbor was repeatedly propping the door to the building open causing Brittany Brandon to be concerned for her safety.

35. Neither Jill Kerwin nor Brittany Brandon are aware of any citations issued for this violation.

36. On or about April 10, 2022, Brittany Brandon told Jill Kerwin that she wished to terminate the lease early.

37. On or about April 12, 2022, Jill Kerwin and her husband visited the Subject Property and did not smell any odors or find any indication of marijuana use on the premises.

38. On or about April 17, 2022, Jill Kerwin and her husband visited the Subject Property unannounced and did not smell marijuana or find any indication of marijuana use.

39. On or about April 18, 2022 Jill Kerwin received a text message from a neighbor stating that the "smell is getting worse," referencing the smell of marijuana.

40. On or about April 18, 2022, Jill Kerwin received a phone call from a neighbor stating that the Subject Property smelled like marijuana on April 17, 2022.

41. On or about April 18, 2022, Tamara O'Connor responded to Jill Kerwin indicating that other neighbor's complaints were enough proof for her to believe that Brittany Brandon was using marijuana on the Subject Property.

42. Brittany Brandon denies use of marijuana in the unit.

43. Brittany Brandon cannot smoke around her daughter or in her daughter's living space without aggravating her daughter's asthma.

44. On or about March 23, 2022, Jill Kerwin and Brittany Brandon received a Notice of Violation in the mail stating "These actions occurred on March 08, 2022 to present and are described as follows: Nuisance-marijuana smell in common hallway and going into other units claiming to be coming from your unit."

45. On or about April 12, 2022, Jill Kerwin and Brittany Brandon received a Notice of Violation in the mail stating "These actions occurred on March 8, 2022 to present and are

described as follows: Nuisance-marijuana smell in common hallway and going into other units claiming to be coming from your unit. Most recently the cleaning guy made a comment about the smell on 4-11-2022."

46. On or about April 21, 2022, Jill Kerwin had a conversation with Tamara O'Connor in which Tamara O'Connor stated that she would waive all fines once Brittany Brandon and her family had moved out of the Subject Property.

47. On or about May 6, 2022, Jill Kerwin and Brittany Brandon received a Notice of Violation in the mail stating that an odor of marijuana was coming from Brittany Brandon's residence.

48. On or about May 8, 2022, Jill Kerwin visited the subject property unannounced and, once again, failed to find any odor of marijuana or drug paraphernalia that would indicate marijuana use.

49. On or about May 9, 2022, Jill Kerwin visited the subject property unannounced and, once again, failed to find any odor of marijuana or drug paraphernalia that would indicate marijuana use.

50. On or about May 9, 2022, when Jill Kerwin arrived at the subject property, she found the fire doors propped open.

51. Jill Kerwin took photos of the fire doors open and sent the violation to Tamara O'Connor, the property manager.

52. Neither Jill Kerwin or Brittany Brandon are aware of any citations issued for this violation.

53. On April 6, 2022, two months after Brittany Brandon moved into the subject property, Jill Kerwin received a series of documents from Tamara O'Connor of Westward360 requesting that Brittany Brandon complete and return those documents.

54. Those documents included a Rider to Lease, a Lease Submittal Form, a Crime Free Resolution, Golf Course Leasing Rules and a Crime Free Lease Addendum.

55. The documents included information regarding fines, repercussions for crimes that occur within the unit, and potential legal action that can be pursued against both the tenant and the owner of the unit.

56. Jill Kerwin was not provided these documents for any of her prior tenants

57. Jill Kerwin was not made aware of any requirement that these documents be executed by any tenants.

58. Due to the harassment and the multiple citations, Brittany Brandon plans to end her tenancy.

59. On or about May 9, 2022, Jill Kerwin received a text message from Bruce Sander, a prior owner of the unit below the Subject Property, stating "These two knuckleheads are playing with you and in the end you'll take the fall. In my opinion. Get them out fast."

60. On or about May 9, 2022, Brittany Brandon called the Crystal Lake Police Department regarding the constant harassment she was experiencing at the Subject Property.

61. On May 9, 2022, the responding Crystal Lake police officer indicated that they did not smell any marijuana odors in or around the Subject Property.

62. On or about May 16, 2022, a demand letter requesting reimbursement for the fines issued, reimbursement of any lost rent due to Brittany Brandon breaking the lease, and reimbursement of attorney's fees was served on Westward360 Management in Woodstock, Illinois.

63. On June 12, 2022, in response to the demand letter, Jill Kerwin and Brittany Brandon were served with a notice of eviction and given a court date of June 23, 2022 in McHenry County, Illinois.

## COUNT COMMON TO ALL FACTS

### COUNT I
### HOSTILE HOUSING ENVIRONMENT IN VIOLATION OF THE FEDERAL FAIR HOUSING ACT 42 U.S.C. §3617

64. Plaintiff, Brittany Brandon restates and incorporates Paragraphs 1 through 61 of this Complaint as if those allegations were set forth herein.

65. Plaintiff, Brittany Brandon and her daughter are African- American and are members of a protected class under the Fair Housing Act.

66. To make a claim for a hostile housing environment based on racial discrimination, a plaintiff must show that (1) because of her race she was (2) subject to unwelcome conduct that was (3) sufficiently pervasive or severe to deprive her of the right to enjoy her home. *See DiCenso v. Cisneros*, 96 F.3d 1004, 1008 (7th Cir. 1996).

67. Brittany Brandon, her daughter and her fiancé are three of four African American residents at the Subject Property, and the only African American tenants in their building.

68. Since the beginning of her tenancy at the subject property, Brittany Brandon has received multiple citations from the Defendants based on information allegedly provided by her neighbors.

69. Brittany Brandon has received a citation for improper parking and three citations for marijuana use inside the building.

70. Brittany Brandon's ten year old daughter is asthmatic and cannot be in any location where smoking occurs.

71. Brittany Brandon leases her unit from Plaintiff, Jill Kerwin.

72. Jill Kerwin has visited the Subject Property multiple times and has not found any indication of marijuana use by Brittany Brandon.

73. Jill Kerwin has requested that Defendants visit the subject property and conduct an investigation into the alleged marijuana use.

74. Defendants have refused to conduct an investigation into the marijuana use and have chosen to believe claims made by the non-African American neighbors.

75. Brittany Brandon indicated to Jill Kerwin that she was going to break her lease due to the unfounded citations issued against her.

76. On June 12, 2022, Brittany Brandon and Jill Kerwin were issued with eviction notices citing Brittany Brandon's alleged marijuana use on the Subject Property.

77. As a direct and proximate result of Defendants' unwelcome conduct due to Brittany Brandon's race, Brittany Brandon and her daughter have been deprived of their right to enjoy their home and will continue to suffer irreparable harm for which there is no adequate remedy at law.

78. As a result of Defendants' discriminatory practices, Plaintiff is entitled to compensatory damages, punitive damages and reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff, Brittany Brandon, requests that this court judgment for Plaintiff and against Defendants as follows:

a) Find that Defendants created a hostile housing environment and unlawfully discriminated against Brittany Brandon and her daughter in violation of the Fair Housing Act, 42 U.S.C §3617 *et seq*;
b) Award Plaintiff such damages as would fully compensate her for her injuries caused by Defendants' discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C §3617 *et seq*; and
c) Order Defendants to cease and desist their actions in pursuing an eviction of Brittany Brandon
d) Award Plaintiff costs, expenses and reasonable attorney's fees and such other relief as deemed just and proper under the circumstances.

### COUNT II
### DISCRIMINATION IN THE RENTAL OF HOUSING IN VIOLATION OF THE FAIR HOUSING ACT 42 U.S.C. §3604(b)

79. Plaintiff, Brittany Brandon restates and incorporates Paragraphs 1 through 61 of this Complaint as if those allegations were set forth herein.

80. Section 3604(b) of the Fair Housing Act states:

    "To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin"

    42 USC §3604(b).

81. On or about April 6, 2022 Defendants sent an email to Plaintiff, Jill Kerwin, requesting that Plaintiff, Brittany Brandon fill out additional documents and they would be incorporated as part of Brittany Brandon's lease.

82. These documents were provided approximately two months after Brittany Brandon had moved into the Subject Property.

83. Jill Kerwin has leased the Subject Property for approximately three years.

84. Jill Kerwin was never required to have previous tenants fill out the documents.

85. Jill Kerwin was never notified of a change in policy that required tenants to fill out the documents.

86. By requiring Brittany Brandon to complete additional documentation, that was not required of other tenants of other races, Defendants discriminated against Brittany Brandon by applying different terms and conditions to Brittany Brandon's tenancy.

**WHEREFORE,** Plaintiffs request that this court enter judgment for Plaintiff and against Defendants as follows:

   a. Find that Defendants required Brittany Brandon to fill out additional documentation not required by other tenants in violation of the Fair Housing Act, 42 U.S.C. §3604 *et seq.*,
   b. Order Defendants to cease and desist their actions in pursuing an eviction of Brittany Brandon from Subject Property;
   c. Award Plaintiff such damages as would fully compensate her for her injuries caused by Defendants' discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C §3604 *et seq*; and

    d. Award Plaintiff costs, expenses and reasonable attorney's fees and such other relief as deemed just and proper under the circumstances.

## COUNT III
### HOSTILE HOUSING ENVIRONMENT IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT 775 ILCS 5/3-105.1

87. Plaintiffs reallege and incorporates by reference paragraphs 1 through 61 above as if fully set forth herein.

88. The Illinois Human Rights Act, under Section 105, states in pertinent part that:

> "It is a civil rights violation to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this Article 3."

775 ILCS 5/3-105.1

89. Plaintiff, Brittany Brandon and her daughter, are two of three African-American tenants at the Subject Property.

90. Brittany Brandon's ten year old daughter suffers from asthma and cannot be near smoke due to her diagnosis.

91. On or about February 1, 2022, the first day that Plaintiff, Brittany Brandon, had moved into the Subject Property, Defendants issued a citation for improper parking.

92. Beginning on or about March 8, 2022, Defendants contacted Plaintiff, Jill Kerwin, and informed her of the smell of marijuana coming from Brittany Brandon's unit.

93. Since on or about March 8, 2022, Plaintiff, Jill Kerwin has received four emails, phone calls and text messages from Defendants and neighbors complaining of the odor of marijuana coming from Brittany Brandon's unit, the Subject Property.

94. Since on or about April 2, 2022, Plaintiff, Jill Kerwin and her husband visited the Subject Property unannounced five different dates and times and failed to find any odor of marijuana or any indication of marijuana use within the Subject Property.

95. On or about March 23, 2022, Jill Kerwin and Brittany Brandon received a Notice of Violation in the mail stating "These actions occurred on March 08, 2022 to present and are described as follows: Nuisance-marijuana smell in common hallway and going into other units claiming to be coming from your unit."

96. On or about April 12, 2022, Jill Kerwin and Brittany Brandon received a Notice of Violation in the mail stating "These actions occurred on March 8, 2022 to present and are described as follows: Nuisance-marijuana smell in common hallway and going into other units claiming to be coming from your unit. Most recently the cleaning guy made a comment about the smell on 4-11-2022."

97. On or about May 6, 2022, Jill Kerwin and Brittany Brandon received a Notice of Violation in the mail stating that an odor of marijuana was coming from Brittany Brandon's residence.

98. On or about April 18, 2022, Plaintiffs requested that Defendants conduct a thorough investigation into the marijuana smell and the Defendants refused stating that the neighbor's complaints were enough proof for them to issue marijuana citations.

99. During her five unannounced visits, Plaintiff, Jill Kerwin reported two separate violations that she observed at the subject property: a fire door propped open and a car show hosted in the same parking spaces used by Brittany Brandon when she moved into the Subject Property.

100. Plaintiffs are not aware of any citations issued for the two observed violations.

101. On or about April 10, 2022, Brittany Brandon told Jill Kerwin that she wished to terminate the lease early.

102. On or about May 9, 2022, Jill Kerwin received a text message from Bruce Sander, a prior owner of the unit below the Subject Property, stating "These two knuckleheads are playing with you and in the end you'll take the fall. In my opinion. Get them out fast."

103. Brittany Brandon has never used marijuana in her residence.

104. Defendants repeated statements of unfounded claims and the issuance of unsubstantiated citations have forced Brittany Brandon to make decision to break her lease with Jill Kerwin and find other housing.

105. Defendants' intimidation and harassment directed toward Brittany Brandon has created a hostile environment in violation of the Illinois Human Rights Act.

**WHEREFORE,** the Plaintiffs, Jill Kerwin and Brittany Brandon, respectfully request this Court to:

    a. Exercise its supplemental jurisdiction over this Illinois State Law claim;
    b. Award actual damages to Brittany and against Defendants for punitive damages done with malice or willful disregard for the rights of Brittany in violation of the Illinois Human Rights Act, 775 ILCS 5/3-102 *et seq.*; and
    c. Award Plaintiff costs, expenses and reasonable attorney fees pursuant to the Illinois Human Rights Act, 775 ILCS 5/3-102 *et seq.*, and;
    d. Such other relief as deemed just and proper under the circumstances.

## COUNT IV
## DISCRIMINATION IN THE RENTAL OF HOUSING IN VIOLATION OF THE FAIR HOUSING ACT 42 U.S.C. §3604(b)

106. Plaintiff realleges and incorporates by reference paragraphs 1 through 61 above as if fully set forth herein.

107. Section 3604(b) of the Fair Housing Act states:

"To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin"

42 USC §3604(b).

108. Brittany Brandon and her ten year old daughter are African American.

109. On or about February 1, 2022, Brittany Brandon signed a lease with Jill Kerwin renting the Subject Property until January 31, 2023.

110. Jill Kerwin has owned the Subject Property since 2006.

111. Jill Kerwin has been leasing Subject Property since September 2019.

112. On or about February 1, 2022, the first day that Plaintiff, Brittany Brandon, had moved into the Subject Property, Defendants issued a citation for improper parking.

113. Beginning on or about March 8, 2022, Defendants contacted Plaintiff, Jill Kerwin, and informed her of the smell of marijuana coming from Brittany Brandon's unit.

114. Since on or about March 8, 2022, Plaintiff, Jill Kerwin has received four emails, phone calls and text messages from Defendants and neighbors complaining of the odor of marijuana coming from Brittany Brandon's unit, the Subject Property.

115. Since on or about April 2, 2022, Plaintiff, Jill Kerwin and her husband visited the Subject Property unannounced five different dates and times and failed to find any odor of marijuana or any indication of marijuana use within the Subject Property.

116. On or about April 6, 2022, Defendants told Jill Kerwin that for Brittany Brandon's boyfriend, Jermaine Marshall, to be allowed to visit the Subject Property, he had to be on the lease and needed a background check.

117. On or about April 10, 2022, Brittany Brandon told Jill Kerwin that she wished to terminate the lease early.

118. The Fair Housing Act was enacted to protect an individual's "privileges of sale or rental of a dwelling."

119. Jill Kerwin has the privilege to rent the Subject Property to whomever she chooses.

120. Defendants' actions have interfered with Jill Kerwin's ability to rent the Subject Property to African American tenants, particularly Brittany Brandon, in violation of Section 3604(b) of the Fair Housing Act.

**WHEREFORE,** Plaintiff, JILL KERWIN respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, WESTWARD360 MANAGEMENT, BOARD OF GOLF COURSE CONDOMINIUMS AND GOLF COURSE CONDOMINIUM ASSOCIATION as follows:

   a. Awarding Plaintiff a money judgment for all damages incurred as a result of Defendants' interference with Jill Kerwin's privilege to rent the Subject Property to any individual;
   b. Awarding Plaintiffs' costs and attorneys' fees incurred, including those costs and attorneys' fees incurred after the date of filing Plaintiffs' Complaint; and
   c. For such additional relief as the Honorable Court deems just and proper under the circumstances.

## COUNT V
## TORTIOUS INTERFERENCE WITH A CONTRACT

121. Plaintiff realleges and incorporates by reference paragraphs 1 through 61 above as if fully set forth herein.

122. On or about February 1, 2022, Plaintiff, Brittany Brandon entered into a residential lease agreement with Plaintiff, Jill Kerwin.

123. The lease agreement constitutes a valid and binding contract between the two Plaintiffs.

124. The lease agreement stated that Brittany Brandon would pay Jill Kerwin $1425 per month until the expiration of the lease on January 31, 2023.

125. After completing the lease agreement, Jill Kerwin submitted the leasing paperwork to the Defendants.

126. On or about February 1, 2022, the first day that Plaintiff, Brittany Brandon, had moved into the Subject Property, Defendants issued a citation for improper parking.

127. Beginning on or about March 8, 2022, Defendants contacted Plaintiff, Jill Kerwin, and informed her of the smell of marijuana coming from Brittany Brandon's unit.

128. Since on or about March 8, 2022, Plaintiff, Jill Kerwin has received four emails, phone calls and text messages from Defendants and neighbors complaining of the odor of marijuana coming from Brittany Brandon's unit, the Subject Property.

129. Since on or about April 2, 2022, Plaintiff, Jill Kerwin and her husband visited the Subject Property unannounced five different dates and times and failed to find any odor of marijuana or any indication of marijuana use within the Subject Property.

130. On or about April 6, 2022, Defendants told Jill Kerwin that for Brittany Brandon's boyfriend, Jermaine Marshall, to be allowed to visit the Subject Property, he had to be on the lease and needed a background check.

131. Jermaine Marshall never resided at the Subject Property prior to March 1, 2022; he had only visited the Subject Property.

132. On or about March 23, 2022, Jill Kerwin and Brittany Brandon received a Notice of Violation in the mail stating "These actions occurred on March 08, 2022 to present and are described as follows: Nuisance-marijuana smell in common hallway and going into other units claiming to be coming from your unit."

133. On or about April 12, 2022, Jill Kerwin and Brittany Brandon received a Notice of Violation in the mail stating "These actions occurred on March 8, 2022 to present and are described as follows: Nuisance-marijuana smell in common hallway and going into other units claiming to be coming from your unit. Most recently the cleaning guy made a comment about the smell on 4-11-2022."

134. On or about May 6, 2022, Jill Kerwin and Brittany Brandon received a Notice of Violation in the mail stating that an odor of marijuana was coming from Brittany Brandon's residence.

135. On or about April 18, 2022, Plaintiffs requested that Defendants conduct a thorough investigation into the marijuana smell and the Defendants refused stating that the neighbor's complaints were enough proof for them to issue marijuana citations.

136. During her five unannounced visits, Plaintiff, Jill Kerwin reported two separate violations that she observed at the subject property: a fire door propped open and a car show hosted in the same parking spaces used by Brittany Brandon when she moved into the Subject Property.

137. On or about April 10, 2022, Brittany Brandon told Jill Kerwin that she wished to terminate the lease early and she would be moving out of the Subject Property by the end of June 2022.

138. Defendants actions indicate that the Defendants did not want Plaintiff, Brittany Brandon, to reside at the Subject Property.

139. Due to Defendants' interference with the lease agreement between Plaintiffs, Brittany Brandon has decided to terminate the lease agreement prior to the agreed upon expiration date.

**WHEREFORE,** Plaintiff, JILL KERWIN respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, WESTWARD360 MANAGEMENT, BOARD OF GOLF COURSE CONDOMINIUMS AND GOLF COURSE CONDOMINIUM ASSOCIATION as follows:

   d. Awarding Plaintiff a money judgment for all damages incurred as a result of Defendants' interference with Plaintiffs' contract;

e. Awarding Plaintiffs' costs and attorneys' fees incurred, including those costs and attorneys' fees incurred after the date of filing Plaintiffs' Complaint; and
f. For such additional relief as the Honorable Court deems just and proper under the circumstances.

                 Respectfully Submitted,

         JILL KERWIN and BRITTANY BRANDON

BY:   /s/ Matthew Hector

         Attorney for Plaintiffs


Matthew Hector
ARDC: 6283058
O'Flaherty Law, P.C.
1515 Legacy Circle
Naperville, IL 60563
630-324-6666
Matt.hector@oflaherty-law.com

### VERIFICATION BY CERTIFICATION

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this document are true and correct, except as to matters therein stated to be on information and belief which such matters the undersigned certifies that they believe the same to be true.

*Jill Kerwin*

Jill Kerwin

*Brittany Brandon*

Brittany Brandon

Doc ID: 387145b845641197e044a97a1a8d68eed9b7762a